# Lemuel Gray, by his next friend, *v.* Henry Floersheim et al., late trading as Germania Gas Coal Co., Appellant.

*Negligence—Mines—Contributory negligence—Sudden peril—Master and servant—Fellow servant—Line of duty.*

In an action against a mining company to recover damages for personal injuries caused by an unruly and dangerous mule, the case must be submitted to the jury where it appears that, although the working of the mule was under the direction of the mining boss, defendants knew of its vicious and unruly character.

In such a case where there is testimony that plaintiff, a boy employed to open doors in a mine, met the mule which was running away, and turned and ran towards a place which he deemed safe, but was caught by the cars running off the track, the case is for the jury, although it appears that plaintiff could have stepped behind a neighboring door and avoided the accident.

Where the evidence is conflicting as to whether the plaintiff when injured was in the place where his work required him to be, the case is for the jury.

Argued Oct. 16, 1894. Appeal, No. 220, Oct. T., 1894, by defendants, from judgment of C. P. Washington Co., May T., 1894, No. 75, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before McILVAINE, P. J.

At the trial it appeared that, on Sept. 24, 1892, plaintiff, a boy fourteen years old, and employed by defendants as a trapper, was injured in defendants' mine. A mule drawing a train of empty pit cars ran away, and the cars jumping the track, crushed plaintiff's leg against a rib of coal. Plaintiff claimed that defendants were negligent in permitting the mule to be used in the mine with knowledge that it was wild and vicious, with a propensity to run away. Defendants claimed that the mule was not vicious, and if it was they had no knowledge of it; that plaintiff was not acting within the scope of his employment when he was injured; and that defendants, in compliance with the mining act of June 30, 1885, P. L. 205, had placed the en-

tire charge of the inside operation of the mine in the hands of a competent boss.

Defendants' points were among others as follows:

" 1. Under all the evidence the verdict must be for the defendants. *Answer:* We refuse to give you binding instructions, and leave the case to you under the evidence and the instructions we have given you as to the law." [1]

" 3. It appearing, by the admission of Lemuel Gray, made upon the witness stand, and being undisputed, that he, with knowledge of the fact that a mule drawing empty cars was about to proceed up the main entry, stepped upon that track and started to walk along it with his back toward the mule and without looking backward to see whether said mule was approaching, and it being undisputed that if he had so looked he could have seen the danger in which he was from the proximity of the mule, before stepping upon the track, and could have escaped injury by standing in the mouth of entry No. 3, he was guilty of contributory negligence and the verdict must be for the defendants. *Answer:* Refused; we leave it for the jury to say whether the plaintiff was guilty of contributory negligence under the law and the evidence, as they have been given to you." [2]

" 4. It being undisputed upon the testimony that the defendants had placed the entire control and management of the inside operation of their mine into the hands of a mine boss having a certificate of competency, as provided by the mining law of 1885, whose competency is not questioned in this case, they had performed the duty which they owed to the plaintiff, Lemuel Gray, as their employee, and they are not responsible for any negligence in such operation in which they did not personally participate. *Answer:* Affirmed; but we leave it to the jury to determine whether any of the defendants were personally guilty of negligence." [3]

Verdict and judgment for plaintiff for $500.

*Errors assigned* were (1–3) instructions, quoting them.

*James I. Brownson, Jr., Charles G. McIlvaine* with him, for appellants.—The direction of the superintendent to the boss driver to employ a trapper boy, was not a delegation of gen-

eral authority over plaintiff, and there was no more reason to suppose that plaintiff would be told " to throw the latches," than that he would be required to drive a mule: Greenway v. Conroy, 160 Pa. 190.

When an employee undertakes to do something not within the scope of his employment, and is injured in consequence, the employer is not liable: Gillen v. Rowley, 134 Pa. 209; Rummel v. Dilworth, 131 Pa. 509; R. R. v. Sentmeyer, 92 Pa. 276.

The position of peril into which plaintiff got, and the consequent injury received by him, were due to his own gross negligence: Coal Co. v. Hayes, 128 Pa. 294; Carroll v. R. R., 12 W. N. 348; s. c., 2 Penny. 159; Myers v. R. R., 150 Pa. 386; Ash v. R. R., 148 Pa. 133; Carson v. Ry., 147 Pa. 219; Ehrisman v. Ry., 150 Pa. 180; Wheelahan v. Traction Co., 150 Pa. 187; Warner v. Ry., 141 Pa. 615; Thomas v. Ry., 132 Pa. 504; Robb v. Boro., 137 Pa. 42; McDonald v. Iron & Coal Co., 135 Pa. 1.

For the boss's act in permitting the mule to be worked the owners are not responsible, as it is the act of a fellow servant: Waddell v. Simoson, 112 Pa. 567; Coke Co. v. Roby, 115 Pa. 364.

*James R. Burnside* and *Alex. M. Templeton*, for appellee, not heard.—The question of negligence was necessarily for the jury: Neslie v. Ry., 113 Pa. 300; R. R. v. Horst, 110 Pa. 226; R. R. v. Foxley, 107 Pa. 537; R. R. v. Kirk, 90 Pa. 15; R. R. v. McElwee, 67 Pa. 311; Born v. Plank Road Co., 101 Pa. 336; Fitzpatrick v. Riley, 163 Pa. 65.

To prove plaintiff guilty of contributory negligence, the negligent act complained of must be the direct cause of the injury: Baughman v. R. R., 92 Pa. 335.

Error of judgment in a position of peril is not contributory negligence: Anderson v. R. R., 4 W. N. 274; Colgan v. R. W., 4 W. N. C. 400; Nagle v. R. R., 88 Pa. 35; Crissey v. R. W., 75 Pa. 83; 14 A. & E. Ency. 868; R. R. v. Smith, 28 Leg. Int. 101; McCully v. Clark, 4 W. N. 186; Brown v. French, 104 Pa. 604; Schall v. Cole, 107 Pa. 1; Sekerak v. Jutte, 153 Pa. 117.

The knowledge of the character of the mule once brought home to one partner, renders him and his partners liable for the

injuries plaintiff has sustained as the result of the negligence of one of their number: Beach on Cont. Neg. § 122; Ardesco Oil Co. v. Gilson, 63 Pa. 146; Coal Co. v. Jones, 86 Pa. 439; Woodward v. Shumpp, 120 Pa. 468; Haley v. Keim, 151 Pa. 126.

PER CURIAM, Oct. 29, 1894:

An examination of the record shows that this case involved the questions of defendants' negligence and the alleged contributory negligence of the plaintiff. The testimony bearing on each of these questions was such as to necessarily carry the case to the jury. It was fairly submitted to them in a clear and impartial charge which appears to be free from any error of which defendants have any just reason to complain.

It would have been plain error to have given binding instructions to find for defendants as requested in their point recited in the first specification.

There was no error in the learned judge's answer to defendants' point recited in the second specification; nor has the able and ingenious argument of the learned counsel for the defendants convinced us that the court erred in affirming their point quoted in the third specification, but at the same time leaving " it to the jury to determine whether any of the defendants were personally guilty of negligence." In the last clause of the point, the court was requested to say that the defendants " are not responsible for any negligence in such operation (meaning inside operation of their mine) in which they did not personally participate." In view of the testimony, there was no error in submitting to the jury, for their determination, the question whether defendants did personally participate in any negligence in the inside operation of their mines.

We find no error in the record that would justify us in reversing the judgment.

Judgment affirmed.